Herzog et al., Appellants, *v.* Witco Chemical Corporation.

Argued March 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Anthony H. Chambers,* with him *Chambers and Crisman,* for appellants.

*Richard W. Mutzabaugh,* with him *Henry Graff* and *Mutzabaugh & Mutzabaugh,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 20, 1972:

In December of 1963, appellants purchased oil and gas leases covering five contiguous parcels of land in McKean County. The oil and gas leases had been made at various times between 1898 and 1906 by the trustees of the Estate of William Bingham. The leases, unlike most leases for oil and gas rights, did not run for an indefinite period while oil or gas in commercial quantities was being produced. Instead, each of the leases was for a fixed term. Over the years, the leases were extended from time to time, so that when they were acquired by appellants, they had expiration dates at various times in 1969 and 1970.

The title of the Bingham Estate in all of the leases was purchased by Kendall Refining Company, now by merger Witco Chemical Corporation, Kendall Refining Company Division, appellee, by deed dated July 1, 1964. Thereafter, appellee notified appellants by letter that the leases as to three of the five contiguous parcels, which leases were scheduled by their terms to expire on November 1, 1969, and January 1, 1970, would not be extended or renewed, and requested that appellants remove their equipment and deliver up possession of

the parcels of land. Appellants failed and refused to accede to appellee's notification, and appellee filed a complaint in ejectment against appellants, seeking to recover possession of the three parcels involved.

The ejectment action was at issue in June of 1970 and awaiting hearing. Appellants, nevertheless, on November 2, 1970, filed a complaint in equity which sought a determination that appellee was estopped from requiring the termination of the involved leases because of certain alleged prior conduct by appellee, and an order requiring appellee to execute extensions of the existing leases or to execute new leases in a form generally used and acceptable in the oil and gas industry.

Appellee filed preliminary objections raising the pendency of the prior ejectment action, and further contending that a full, complete and adequate nonstatutory remedy at law existed. The chancellor sustained the preliminary objections, and this appeal is from his decree dismissing the complaint.

Although appellants have always treated the five separate leaseholds as one parcel of land, there are in fact five separate leases involving five individual, although contiguous, parcels of land. Only three of those parcels are involved in the ejectment action commenced by appellee, while all five are involved in the equity action filed by appellants. We nevertheless conclude that the court below was correct in dismissing the complaint.

The parties to the two actions are identical, and the estoppel principle which appellants are seeking to establish as the basis for their right to equitable relief is equally available to them as a defense in the ejectment action. Should appellants establish in the ejectment action that appellee is estopped from terminating the leases as to the three parcels involved in the eject-

ment action, they will have established the very position with which they seek to justify their demand for equitable relief. Should they fail in establishing that defense in the ejectment action, it is apparent that they would not be entitled to the equitable relief sought. Moreover, although appellant seeks equitable relief in the equity action as to the two parcels not involved in the ejectment suit, there is nothing in this record to indicate that appellee has at this time taken any action with reference to those two parcels, and there is really no basis for making any determination of the rights of the parties inter se relative to those two parcels, it appearing that there does not now exist a case or controversy involving those portions of the tract.

Nor do we see any reason why, as appellants argue, the chancellor should have certified the action in equity to the law side of the court in accordance with Rule 1509, Pennsylvania Rules of Civil Procedure. The purpose of the certification to the law side of the court is to permit the action to continue as an action at law. An action at law which will resolve the issues between the parties was already pending at the time of the dismissal, and there was no need to certify the action to the law side. The dismissal of the equity action was without prejudice, and if appellants are successful in their defense of the ejectment action, and are thereafter unable to resolve their difference with appellee, they will be in a position to seek the aid of a court of equity for the resolution of those differences. A contrary decision, thereby permitting the equity action and the ejectment action to proceed, would be a squandering of judicial resources such as may not be countenanced if we are intent, as we are, upon the maintenance of orderly legal process.

Decree affirmed, each party to pay own costs.