KNICKERBOCKER RUSSELL CO., INC., a Corporation, Appellee

v.

Joseph CRAWFORD, Individually and Trading as C & M Concrete & Landscaping, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 2, 2007.

Filed Nov. 19, 2007.

John P. Lacher, Pittsburgh, for appellant,

David K. McMullin, Pittsburgh, for appellee.

BEFORE: TODD, BOWES and COLVILLE,* JJ.

OPINION BY BOWES, J.:

¶ 1 Joseph Crawford, individually and trading as C & M Concrete & Landscaping, appeals from the order denying his petition to strike a default judgment entered in this action for breach of contract. We affirm.

¶ 2 The record indicates that on July 12, 2004, Appellant leased a hydraulic excavator with an earth-moving bucket from Knickerbocker Russell Company, Inc. ("Appellee"), a Pittsburgh-based business that rents, sells, and services construction equipment. Shortly thereafter, Appellant exchanged that machine for a larger excavator pursuant to a new lease agreement executed on August 18, 2004. The monthly rental charge for the new excavator was $3,129.75. *See* Complaint, 3/20/06, at 2. Appellant subsequently defaulted on the lease and as of January 24, 2005, owed Appellee $17,867.90 plus interest and attorneys' fees. *Id.* at 3.

¶ 3 Appellee instituted a breach of contract action in the Allegheny County Court of Common Pleas on February 23, 2006, seeking to recover the unpaid funds. Following an unsuccessful attempt to serve the original complaint, the Washington County Sheriff served a reinstated complaint on Appellant's fiancée, Lisa Moore, at Appellant's business address in Washington County on April 11, 2006. In accordance with Pa.R.C.P. 405, the sheriff completed a return of service, which was notarized and indicated the date, time, place, and manner of service upon Ms. Moore. The Washington County Sheriff then mailed a signed, notarized return of service to the Allegheny County Sheriff and Appellee's attorney, David K. McMullin.

¶ 4 When Appellant failed to answer the complaint, Appellee sent notice of its intention to take a default judgment against him on May 2, 2006. On May 15, 2006, Appellee filed a praecipe for default judgment and presented the Allegheny County Prothonotary with, *inter alia,* a copy of the notice and certification required by Pa.R.C.P. 237.1 and an original return of service executed by the Washington County Sheriff, which, as noted, described the time, place, and manner of service of the complaint. The prothonotary examined the documents and entered a default judgment against Appellant in the amount of $38,791.21. Approximately five months later, on October 19, 2006, Appellant filed a petition to strike the judgment, which was denied. This timely appeal followed, wherein Appellant contends that the trial court erred in refusing to strike the judgment because the Allegheny County Sheriff did not file his return of service until May 25, 2006, ten days after the default judgment was entered.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Cintas Corporation v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 89–90, 700 A.2d 915, 917 (1997) (quoting *Resolution Trust Corporation v. Copley Qu–Wayne Associates,* 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)). In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only

---

* Retired Senior Judge assigned to the Superior Court.

at what was in the record when the judgment was entered. *Cintas Corporation, supra* at 90, 700 A.2d at 917. We review a trial court's refusal to strike a judgment for an abuse of discretion or an error of law. *Frontier Leasing Corporation v. Shah,* 931 A.2d 676 (Pa.Super.2007).

¶ 5 Herein, the trial court declined to strike the judgment because Appellant admitted that Appellee had attached a signed, notarized return of service to its praecipe for default judgment. The court reasoned that since the return of service was affixed to the praecipe, the prothonotary possessed sufficient information to determine that service was properly effectuated by the Washington County Sheriff on April 11, 2006. *See* Trial Court Opinion, 1/4/07, at 2. Consistent with this view, the trial court found that the subsequent filing of the return of service by the Allegheny County Sheriff "did not render the service fatally defective." *Id.* at 2.

¶ 6 Appellant contests the trial court's ruling and argues that the judgment should have been stricken because the late filing of the return of service constituted a violation of Pa.R.C.P. 405, which enumerates the sheriff's duties with respect to the creation and filing of the return of service. Appellant articulated his position as follows:

> An uncertified copy of a Return of Service, attached as an Exhibit to a Praecipe [for default judgment] by a party having nothing to do with the alleged service simply does not establish service of record. There is no way to determine how Appellee obtained the Return of Service prior to the filing by the [Allegheny County] Sheriff and, at the time the default judgment was entered, there was no way to determine the authenticity of same.... Here, the Return of Service was not actually filed until after the default judgment was entered. The

> [return of service] provided by the Appellee prior to the default judgment was a mere exhibit and, further, contained no certification by the person submitting [it] [who] was not even the person who allegedly effectuated service upon the Appellant.

Appellant's brief at 8.

¶ 7 As this appeal hinges on application of Rule 405, we begin our analysis with the text of that rule, which states in relevant part:

> (a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith....

> (b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

> ....

> (e) The return of service ... shall be filed with the prothonotary.

> ....

> (g) The sheriff upon filing a return of service ... shall notify by ordinary mail the party requesting service to be made that service has ... been made upon a named party.

¶ 8 Appellant's argument is premised on the notion that strict compliance with Rule 405 is mandatory. While we agree that the rules governing service of process must be followed because they enable courts to obtain jurisdiction over defendants, the critical issue is whether service was properly made. *See Commonwealth ex rel. McKinney v. McKinney,* 476 Pa. 1, 381 A.2d 453 (1977) (questions surrounding validity of proof of service are irrelevant if fact of service is established). Accordingly, Pennsylvania courts have held that a defect in the

**1148**

return of service does not necessarily render a default judgment invalid. For example, in *Cintas Corp., supra,* the plaintiff, which had obtained a default judgment, conceded that the return of service was completed by the wrong person but argued that the defect was minor because the document showed that the complaint was served properly. Our Supreme Court agreed, finding that the return of service "contained sufficient information for a court to determine that service was proper" because it identified: (1) the person who served the complaint; (2) the date, time, place, and manner of service; and (3) the person who accepted the complaint. *Id.* at 91–92, 700 A.2d at 918.

¶ 9 In the case at bar, Appellant does not dispute that the Washington County Sheriff served his fiancée with the complaint; rather, he suggests that the information contained in the return of service may have been untrustworthy because no one certified that the document was authentic. This claim is based on sheer conjecture and ignores the dictates of Rule 405(d), which requires the production of an affidavit only if "a person other than the sheriff" makes the return of service. Hence, this claim fails.

¶ 10 After reviewing the record, we see no reason to disturb the order in question. As the trial court accurately observed, the central issue was whether sufficient information existed for the prothonotary to conclude that Appellant was properly served with the complaint. *McKinney, supra; Cintas Corp., supra.* We find that the Allegheny County Prothonotary had ample information to make this determination because Appellee produced a signed, notarized return of service that was created by the Washington County Sheriff and specified the date, time, place, and manner of service upon Ms. Moore. *See* Pa.R.A.P.

405(b). Thus, we conclude that the trial court did not err in refusing to strike the default judgment.

¶ 11 Order affirmed.