J-A16013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALBERT C. OEHRLE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCIA WOOLMAN GOLDSMITH AND EDWIN M. GOLDSMITH, III, | |
| Appellants | No. 2241 EDA 2014 |

Appeal from the Order July 15, 2014
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 12-31076

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 26, 2015**

Appellants, Marcia Woolman Goldsmith and Edwin M. Goldsmith, III,

appeal from the order denying their petition to open and/or strike confession

of judgment. We affirm.

This case involves the parties' attempt to resolve over a decade of

litigation between them filed in three different cases. We include only those

facts necessary for our review.

On April 19, 2006, Appellants and Appellee, Albert C. Oehrle, entered

into a settlement agreement on the record in an effort to resolve Appellee's

lawsuit for attorney fees incurred by Appellant, Marcia Woolman Goldsmith,

_____

[*] Retired Senior Judge assigned to the Superior Court.

for his representation of her in a domestic relations matter.[1]  Pursuant to the settlement, Appellants agreed to pay $25,000.00 to Appellee within thirty months, and an additional $75,000.00 plus interest within sixty months. This obligation was to be secured by a second mortgage against a property owned by Appellants.  Pertinent to our review, the settlement agreement provided that:  "If in fact there's been an act of default, [Appellee] would be entitled, and the documents would provide for him to receive, reasonable attorney fees for collection matters dating from the date of default."  (N.T. Settlement Agreement, 4/19/06, at 32; *see also id.* at 40).  The parties agreed that "[t]he note and the mortgage . . . will contain confession of judgment clauses in the event of a default."  (*Id.* at 30; *see id.* at 37).

Additionally, Appellants expressly waived all defenses to a confessed judgment:

> MR. YOUNG [(Appellee's counsel)]:  In addition to that, the note and the mortgage, you're going to waive all defenses.
>
> THE COURT:    Is that so, Mr. Jokelson [(counsel for Mrs. Goldsmith)]?
>
> MR. JOKELSON:  That's correct.
>
> THE COURT:    Mr. Goldsmith?
>
> MR. GOLDSMITH:    That's correct.

---

[1] Appellee is a licensed attorney.

(*Id.* at 41). Appellants acknowledged that they understood the agreement's terms, and they agreed to abide by them. (*See id.* at 50-51).

Thereafter, Appellants' counsel drafted the mortgage and note. Consistent with the settlement agreement, the mortgage note included a confession of judgment provision. It granted Appellee, in pertinent part, power to confess judgment for "reasonabl[e] attorney[] fees," (Mortgage Note, 11/02/06, at 2 ¶ 4) (capitalization omitted), and provided that "the amount of attorney[] fees . . . shall not exceed the actual attorney[] fees incurred by [Appellee] in an arms['] length representation by third party counsel." (*Id.*) (capitalization omitted).

Appellants made the first $25,000.00 payment pursuant to the agreement, but defaulted thereafter by failing to make the payment due on November 2, 2011. In February, 2012, Mrs. Goldsmith's counsel mailed a letter enclosing the draft of a petition to revoke, rescind, or modify the settlement agreement to the trial judge's chambers. Counsel did not file the petition and, therefore, the document does not appear on the docket; neither was there any argument or hearing listed.[2]

On December 6, 2012, Appellee filed a complaint in confession of judgment seeking $75,000.00 in principal; $27,375.00 in interest; and

_____

[2] Appellants attached the documents as an exhibit to their petition to open and/or strike the confessed judgment. (*See* Petition to Open And/Or Strike, 12/21/12, Exhibit B, at 21-25).

$5,118.75 in attorney fees. On December 21, 2012, Appellants filed a petition to open and/or strike the confessed judgment. The court denied Appellants' petition on July 15, 2014 after argument. Appellants timely appealed.[3]

Appellants raise two questions for this Court's review:

1.   Did the trial court err by failing to strike a judgment entered by confession that contained two fatal flaws on its face?

2.   Did the trial court err by failing to open a judgment entered by confession that was promptly filed, contained a meritorious defense and raised genuine issues of material fact?

(Appellants' Brief, at 5).

As a preliminary matter, we observe that, under the unambiguous terms of the settlement agreement, Appellants expressly agreed that Appellee was empowered to confess judgment in the event of default, and that they would "forever waive[] and release[] all errors in said proceedings and any rights of appeal[.]" (Mortgage Note, 11/02/06, at 2 ¶ 4; *see also* N.T. Settlement Agreement, 4/19/06, at 41 (waiving all defenses to confession of judgment)). However, in the interests of judicial economy, we will review Appellants' issues instead of deeming them waived.

---

[3] Appellants filed a timely statement of matters complained of on appeal pursuant to the court's order on August 18, 2014. *See* Pa.R.A.P. 1925(b). The court filed an opinion on December 5, 2014. *See* Pa.R.A.P. 1925(a).

"In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law. **Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa. Super. 2013) (citation omitted).

In Appellants' first issue they challenge the court's denial of their petition to strike the confessed judgment on the basis that they have established "more than one facial defect." (**See** Appellants' Brief, at 13) (some capitalization omitted). Specifically, Appellants argue that the court erred in allowing Appellee to collect counsel fees as part of the judgment, and that judgment by confession was prohibited by law because this case involved a consumer credit transaction. (**See id.** at 14-18). Appellants' issue lacks merit.

> A confessed judgment will be stricken only if a fatal defect or irregularity appears on the face of the record. . . .
>
> *          *          *
>
> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . .

**Ferrick**, **supra** at 647 (citations and quotation marks omitted).

We first address Appellants' claim that "[t]he judgment is flawed on its face because it seeks counsel fees for [Appellee], but yet acknowledges

- 5 -

within the judgment instrument that fees are only to be sought to compensate a third party attorney." (Appellants' Brief, at 14) (emphasis omitted). Specifically, Appellants argue that the confession of judgment was flawed on its face because Appellee filed the complaint *pro se*, and that, therefore, he sought reimbursement for personal fees rather than for those incurred as a result of any third party counsel's representation. (*See* Appellants' Brief, at 14-16). This argument does not merit relief.

We first observe that this is not a proper argument in support of a petition to strike because the alleged flaw is not apparent from the face of the record. *See Ferrick*, *supra* at 647. In other words, to determine if Appellee incurred third party fees, the court necessarily needed to consider facts outside the face of the complaint and the documents containing the confession of judgment clauses. *See id*. Therefore, this argument fails.

Moreover, we conclude that the court properly denied the petition to strike because there was not a fatal flaw on the face of the confession of judgment.

Pennsylvania Rule of Civil Procedure 2952 provides, in pertinent part: "The complaint [for confession of judgment] shall contain . . . an itemized computation of the amount then due, [and] a demand for judgment as authorized by the warrant[.]" Pa.R.C.P. 2952(a)(7), (8).

Here, the confession of judgment clause contained in the mortgage note provided, in relevant part, that upon Appellants' default, Appellee was

empowered to confess judgment for "reasonabl[e] attorney[] fees . . . . [that] shall not exceed the actual attorney fees incurred by [Appellee] in an arms['] length representation by third party counsel." (Mortgage Note, 11/02/06, at 2 ¶ 4) (capitalization omitted). The complaint contained an itemized list of the amounts due, including reasonable attorney fees authorized by the note.[4] (*See* Complaint, 12/06/12, at 2 ¶ 10).

Therefore, because the complaint sought reasonable counsel fees authorized by the mortgage note, *see* Pa.R.C.P. 2952(a)(7), we conclude that Appellants failed to prove that the confession of judgment was flawed on its face. ***See Ferrick***, ***supra*** at 647. Accordingly, the trial court properly found that Appellants' argument regarding attorney fees did not justify striking the judgment by confession.

Appellants next argue that "[t]he judgment is also fatally flawed and must be stricken because" it was a consumer credit transaction. (Appellants' Brief, at 16; ***see id.*** at 17). We disagree.

It is well-settled that judgments by confession are an improper remedy for the default of a consumer credit transaction. ***See, e.g. Willits v. Fryer***, 734 A.2d 425, 427-28 (Pa. Super. 1999); ***see also*** Pa.R.C.P. 2952(a)(3) ("The complaint [for confession of judgment] shall contain . . . an averment

_____

[4] The complaint sought attorney fees at five percent of the principal and interest, which amounted to $5,118.75. (*See* Complaint, 12/06/12, at 2 ¶ 10).

that judgment is not being entered by confession against a natural person in connection with a consumer credit transaction[.]"). Pursuant to Pennsylvania Rule of Civil Procedure 2950, a consumer credit transaction is "a **credit transaction** in which the party **to whom credit is offered or extended** is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. 2950 (emphases added).

Here, Appellants argue that, "[o]n its face, the [c]omplaint in [c]onfession of [j]udgment is invalid because it contains untrue statements of fact and conclusions of law" where it avers that judgment is not being entered in connection with a consumer credit transaction. (Appellants' Brief, at 16; *see id.* at 16-18). We disagree.

The parties entered into an agreement to settle litigation. (*See* Settlement Agreement, 4/19/06, at 31-32; Mortgage Note, 11/02/06, at 1). Appellee did not offer or extend Appellants any credit. (*See* Settlement Agreement, 4/19/06, at 31-32; Mortgage Note, 11/02/06, at 1 ¶ 2); *see also* Pa.R.C.P. 2950. Therefore, this argument also fails, and the trial court properly denied Appellants' petition to strike the judgment by confession. *See Ferrick*, *supra* at 647. Appellants' first issue does not merit relief.

In their second claim, Appellants challenge the trial court's denial of their petition to open the confession of judgment. (*See* Appellants' Brief, at 18-27). This issue lacks merit.

. . . A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. In adjudicating the petition to . . . open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury. A meritorious defense is one upon which relief could be afforded if proven at trial.

*    *    *

. . . When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e*., testimony, depositions, admissions, and other evidence, may be considered by the court. . . .

***Ferrick***, ***supra*** at 647 (citations omitted).[5]

In regard to the second requirement, that the petitioners state a meritorious defense, ***see id.***, Appellants argue that "[t]he petition to open stated a meritorious defense[] [where] they offered clear evidence of a prior pending petition . . . ." (Appellants' Brief, at 20; ***see id.*** at 21). This argument does not merit relief.

As aptly stated by the trial court:

---

[5] Appellee does not argue that Appellants' petition was untimely. (***See*** Appellee's Brief, at 25-29). Additionally, our review of the record confirms that Appellants' petition was filed in a timely manner where the judgment was entered on December 6, 2012, and Appellants filed the petition on December 21, 2012. (***See*** Docket, Case No. 2012-31076, at 1); ***see also*** Pa.R.C.P. 2959(a)(3) (requiring that a petition to strike or open a judgment "shall be filed within thirty days after" notice of the judgment is served). Therefore, Appellants meet the first prong of the test for a petition to open. ***See Ferrick***, ***supra*** at 647.

. . . Appellants argue that the confessed judgment should be opened due to the meritorious defense of a prior pending action. Specifically, Appellants allude to the fact that . . . [on] November 15, 2011, . . . [they] discovered information which prompted them to contact counsel and draft a petition to revoke, rescind or modify settlement agreement. Roughly three (3) months later, Appellants forwarded a letter to the Honorable Kent H. Albright, as the judge who had previously presided over the settlement agreement and retained jurisdiction of the same. In this letter, Appellants requested a conference to schedule a hearing on the petition. Appellants attached this letter dated February 3, 2012, . . . to their petition to open as evidentiary support of their request to open. However, notably, the docket reflects that [] Appellants did not file this petition . . . at that time. According to [them], Judge Albright never scheduled the requested hearing.

On April 24, 2012, the Honorable Richard J. Hodgson [allegedly] scheduled a conference on [] Appellants' petition . . . under docket number 1994-04928. However, unfortunately, Judge Hodgson passed away before the [alleged] conference. Appellants did not attach a copy of the scheduling notice or the docket to their petition to open as supporting evidence of the prior pending action. Further, as [of] April 24, 2013, [] Appellants' petition . . . remained unfiled with the Montgomery County Prothonotary. Finally, the court's review of the Montgomery County docket number 1994-04928, shows that docket to be "Closed," suggesting nothing else is pending under that case number.

On December 6, 2012, confessed judgment was entered against [] Appellants . . . .

On December 21, 2012, **post-confession of judgment**, [] Appellants finally filed their petition to revoke, rescind or modify settlement agreement, in conjunction with their presently contested petition to open confessed judgment.

. . . Appellants herein failed to present clear, direct, precise and believable evidence that there was an outstanding pending action which provided a meritorious defense to their confessed judgment. First, evidence of the prior pending action was certainly not clear, direct or precise. Indeed, the record demonstrates that while [] Appellants drafted a petition to

- 10 -

revoke, rescind or modify settlement agreement, they failed to file and actively pursue same until after judgment by confession was entered. The timing of the correspondence and docket entries, as well as the fact that the petition was not filed until after judgment, suggests abandonment of the issue rather than judicial oversight as suggested by Appellants. . . .

(Trial Court Opinion, 12/05/14, at 7-9) (record citations and some capitalization and emphasis omitted).

After our independent review of the record, we agree with the trial court that, because there was no prior pending action at the time the confessed judgment was entered, Appellants failed to meet their burden to prove their alleged meritorious defense.[6] **See Ferrick**, **supra** at 647. Therefore, we conclude that the trial court properly denied Appellants' petition to open. **See id.** Accordingly, Appellants' second issue lacks merit.[7]

Order affirmed.

Judge Lazarus joins the Memorandum.

Judge Olson concurs in the result.

_____

[6] Appellants' reliance on **PNC Bank v. Bluestream Technology, Inc.**, 14 A.3d 831 (Pa. Super. 2010), is not legally persuasive because the case is factually distinguishable. Importantly, in that case, Bluestream Technology had an actual action pending against PNC Bank and they attached a copy of the filed, verified complaint to their petition to open. **See PNC Bank**, **supra** at 834. Here, there was no filed, pending action justifying the opening of the judgment by confession.

[7] Because the trial court properly found that Appellants failed to provide sufficient evidence of a meritorious defense, they necessarily have failed to establish that the alleged defense created an issue of fact for the jury. **See Ferrick**, **supra** at 647.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015