J-A28023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT DUNCAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MITRA QSR D/B/A KFC | No. 3292 EDA 2014 |

Appeal from the Order Entered October 15, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 4179 March Term, 2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 12, 2016**

Appellant, Robert Duncan, appeals *pro se* from the order sustaining the preliminary objections of appellee, Mitra QSR d/b/a KFC ("KFC"), and dismissing Duncan's complaint.  Duncan contends that the trial court erred in striking the default judgment he took against KFC in this action, and further, erred in subsequently sustaining KFC's preliminary objections.  After careful review, we affirm.

On March 27, 2014, Duncan filed a complaint in the trial court alleging that a KFC employee had discriminated against him based upon his race and religion.  Specifically, Duncan claimed that he had been charged an extra $0.80 per piece of chicken due to his race and religion.  Duncan sought $500,000 in damages against KFC.  The complaint did not contain any indication that Duncan had received a "right to sue" letter from any

appropriate agency.[1]  Attached to the complaint was an affidavit of service signed by Leah Mann, indicating that the complaint had been served on KFC by personal delivery on the same date it was filed.

On April 30, 2014, Duncan filed a praecipe to enter default judgment on his complaint.  Default judgment was entered, and Duncan later filed a praecipe for a writ of execution against KFC in the amount of $500,000.  The trial court subsequently entered an order scheduling an assessment of damages hearing for August, 2014.  Shortly thereafter, on June 27, 2014, KFC filed a petition to strike or open the default judgment.

The trial court granted the petition to strike the default judgment, holding that Duncan had failed to properly serve KFC.  The trial court dismissed the petition to open as moot.  KFC subsequently filed preliminary objections to Duncan's complaint, asserting that the trial court did not have jurisdiction since Duncan had not exhausted his administrative remedies. The trial court sustained KFC's preliminary objections and dismissed Duncan's complaint.  This timely appeal followed.

On appeal, Duncan first argues that the trial court erred in opening the default judgment.  Initially, we note that Duncan confuses the remedy of striking the judgment, which the trial court did here, with the remedy of

_____

[1] As discussed later in this memorandum, Pennsylvania statutory law provides a bureaucratic remedy for Duncan's claims, and Duncan was required to exhaust the bureaucratic remedy, thereby receiving a "right to sue" letter from the agency, before filing a complaint in the trial court.

opening the judgment, which did not occur here. Striking a judgment and opening a judgment are distinct remedies, and have distinct standards of review on appeal. When presented with an issue premised upon a trial court order striking a judgment, our standard of review is set forth in *Knickerbocker Russell Co., Inc. v. Crawford*, 936 A.2d 1145 (Pa. Super. 2007). There, we explained that

> [a] petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only at what was in the record when the judgment was entered. We review a trial court's refusal to strike a judgment for an abuse of discretion or an error of law.

*Id*., at 1146-1147 (citations omitted).

Similarly, a challenge to an order granting a petition to open a judgment, is reviewed for an abuse of discretion. *See PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010). A petition to open judgment is an appeal to the equitable powers of the court. *See PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa. Super. 2002). As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion. *See Bluestream Technology*, *Inc*., 14 A.3d at 835. A "petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts

- 3 -

promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***Id***., at 836 (citation omitted).

As noted above, the trial court in this matter granted the petition to strike, but dismissed the petition to open as moot. While we do not condone Duncan's failure to brief the appropriate issue, we decline to find waiver as we easily conclude that the trial court correctly struck the default judgment.

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, rules concerning service of process must be strictly followed." ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915, 917 (Pa. 1997) (citation omitted). In the absence of valid service, a court is without jurisdiction over the defendant and, as a result, lacks the power to enter judgment against the defendant. ***See id***, at 918. "However, the absence of or a defect in a *return of service* does not necessarily divest a court of jurisdiction of a defendant who was properly served." ***Id***. (citation omitted; emphasis in original). So long as the return of service provides sufficient facts to allow the court to determine if service was proper, technical defects in the return will not deprive the court of jurisdiction. ***See id***.

Pursuant to Pa.R.C.P. 405(b), a return of service must "set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper

service has been made." The return of service attached to Duncan's complaint, signed by Leah Mann, does not identify the person served, nor does it indicate the time or place of service. Absent this information, there is no way for the court to determine whether proper service had been made. Thus, the trial court did not abuse its discretion in striking the default judgment for lack of service.

In his second argument, Duncan contends that the trial court erred in sustaining KFC's preliminary objections and dismissing his complaint. The Pennsylvania Human Relations Act ("PHRA") provides remedies for unlawful racial and religious discrimination in public accommodations. *See Clay v. Advanced Computer Applications*, 559 A.2d 917, 919 (Pa. 1989); 43 P.S. § 953. No action may be filed in court until administrative remedies are pursued and exhausted under the PHRA. *See Clay*, 559 A.2d at 919-920. When administrative remedies are exhausted, the administrative agency, in this case the Philadelphia Human Relations Commission, must notify the complainant of this fact. *See* 43 P.S. § 962(c)(1); 43 P.S. § 962.1. Upon receiving this notice, the complainant is free to file a complaint in court. *See id*.

Duncan did not allege in his complaint that he had exhausted his administrative remedies. He did not attach a copy of any notice from the Philadelphia Human Relations Commission that he had exhausted his remedies. Nor did he allege that he had received notice that he had

- 5 -

exhausted such remedies. As such, the trial court properly sustained KFC's preliminary objection and dismissed Duncan's complaint.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016