J-S26033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NORTH POINT I CONDOMINIUM OWNERS ASSOCIATION C/O CHANCELLOR PROPERTIES, INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | No. 2325 EDA 2018 |
| HARRY BURNEY | : : | |

Appeal from the Order Entered July 17, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 170205509

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 27, 2019**

North Point I Condominium Owners Association c/o Chancellor Properties, Inc. (North Point) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) striking the judgment by confession entered against Harry Burney (Burney).  After careful review, we reverse.

We take the factual background and procedural history of this case from the trial court's July 17, 2018 opinion and our review of the certified record. North Point is a homeowners' association that controls condominiums in Philadelphia.  As a condominium owner, Burney was subject to certain assessments, fees and other charges by North Point for its provision of benefits and services.

_____
* Retired Senior Judge assigned to the Superior Court.

On April 18, 2015, Burney entered into an agreement with North Point for payment of condominium fees for common expenses that had fallen into arrears (Settlement Agreement). The Settlement Agreement contains a confession of judgment clause to be enforced by North Point should Burney be in breach.

On February 21, 2017, Burney breached the Settlement Agreement and North Point filed a Complaint in Confession of Judgment against him. On February 14, 2018, North Point filed a Writ of Execution. On July 7, 2018, Burney filed a Motion for Stay of Execution that did not dispute the amounts due or his breach.

On July 17, 2018, after a hearing on Burney's Motion, the trial court struck the confessed judgment based on Pennsylvania Rule of Civil Procedure 2950 dealing with confession of judgments. That Rule precludes judgment by confession in any "action" involving a consumer credit transaction. Rule 2950 provides:

> As in this chapter 'action' means a proceeding to enter a judgment by confession for money pursuant to an instrument, **other than an instrument executed by a natural person in connection with a consumer credit transaction**, authorizing such confession.[1]

---

[1] The Official Note to the Rule provides that the "[t]he [confession of judgment] action is abolished insofar as it would apply to a confession of judgment which is part of an instrument executed in connection with a consumer credit transaction."

Pa.R.C.P. 2950 (emphasis added). A "consumer credit transaction" is defined

as credit transaction where credit is extended to a person for services that are

primarily for personal, family or household purposes:

> a credit transaction in which the party to whom credit is offered or extended is a natural person and the **money, property or services which are the subject of the transaction are primarily for personal, family or household purposes**.

*Id.* (emphasis added).

In finding that condominium fees for common expenses were a

"consumer credit transaction" within the meaning of the Rule, the trial court

went on to state:

> . . . [T]he Rules of Civil Procedure specifically instruct that judgment by confession may not be entered against a natural person in connection with a consumer credit transaction. Here, [North Point] has filed on one hand an affidavit of non-consumer transaction, yet, on the other, has admitted that the instant judgment arises out of [] Burney's "failure . . . to pay homeowner dues and assessments." (**See** Response in Opposition to Petition to Stay Execution, at ¶ 1). This admission convinces the court that judgment was entered by confession in connection with a consumer credit transaction: this is particularly so considering that the condominium unit involved in the instant matter is located at the same address identified in the complaint as the residence of [Burney]. The court reaches this conclusion because payment of condominium fees is primarily personal in nature and related to family and household purposes. In conclusion, the judgment entered by confession is fatally flawed and thus void because the judgment was filed upon an instrument which had been executed by a natural person in connection with a consumer transaction. Since the judgment is void, the court lacks jurisdiction over the matter, and the judgment is stricken on the court's own motion.

(Trial Court Opinion, 7/17/18, at 4) (footnotes omitted). North Point filed a

Motion for Reconsideration that the trial court denied and this timely appeal

followed.[2]  The central issue in this appeal is whether condominium fees are "consumer credit transactions."

On appeal, among other issues, North Point contends that because condominium fees assessed for common expenses are not "consumer credit transactions," the trial court erred in striking the judgment by confession. Whether a common expense is a "consumer credit transaction" is determined for what purpose the common expense was assessed as well as whether credit was extended.

Section 3103 of the Uniform Condominium Act, 42 Pa.C.S. § 3103, defines what are condominium fees for common expenses as follows:

> **"Common expenses."**  Expenditures made or liabilities incurred by or on behalf of the association, together with any allocations to reserves, including general common expenses and limited common expenses.
>
> **"Common expense liability."**  The liability for common expenses allocated to each **unit** pursuant to section 3208 (relating to allocation of common element interests, votes and common expense liabilities).

42 Pa.C.S. § 3103 (emphasis added).  As can be seen, the expense is allocated to each "unit."  Section 3101 defines unit and unit owner as follows:

> **"Unit."**  A portion of the condominium designated for separate ownership, the boundaries of which are described pursuant to section 3205(4) (relating to contents of declaration; all condominiums).

---

[2] We review a court's order striking a judgment for an abuse of discretion or error of law.  ***See Knickerbocker Russell Co., Inc. v. Crawford***, 936 A.2d 1145, 1147 (Pa. Super. 2007).

>**"Unit owner."** A declarant who owns a unit, a person to whom ownership of a unit has been conveyed, or a lessee of a unit in a leasehold condominium whose lease expires simultaneously with any lease the expiration or termination of which will remove the unit from the condominium. "Unit owner" does not include a person having an interest in a unit solely as security for an obligation.

42 Pa.C.S. § 3101.

In turn, Section 3314(b) of the Uniform Condominium Act, 42 Pa.C.S. § 3314(b), provides, in pertinent part, that:

>common expenses shall be assessed against all the units in accordance with the common expense liability allocated to each unit (section 3208) in the case of general common expenses and in accordance with subsection (c) in the case of special allocations of expenses. Any past due assessment or installment thereof shall bear interest at the rate established by the association not exceeding 15% per year.

42 Pa.C.S. § 3314(b).

Based on those definitions, common expenses do not fall within the definition of consumer credit transactions for several reasons. First, common expenses are not household expenses or personal expenses but akin to private taxes that are assessed *in rem* against the unit regardless of whether the unit owner lives there or not. Second, common expenses do not involve the extension of credit by the condominium association to the unit owner. When the common expense liability is allocated, the unit owner is required to make payment when due, just like when real estate taxes are imposed. And just like real estate taxes, when not paid when due, interest can be imposed.

For the foregoing reasons, we conclude that the trial court erred in striking off the Confession of Judgment on the basis that the condominium fees were a credit transaction and, accordingly, we reverse the order of the trial court.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/19