## Luizer v. Heigel (No. 2)

*Wallace H. Webster, Jr.*, for plaintiff.
*Irving W. Coleman*, for defendant.

HENNINGER, P. J., March 1, 1954.—Plaintiff is suing defendant for damages to plaintiff's automobile in an intersection collision between plaintiff's and defendant's cars.

Defendant, in his original answer, denied negligence and under new matter set up as an additional defense that in an action of Simmers v. Luizer, to September term, 1949, no. 21, Luizer brought in Heigel as an additional defendant, that Luizer and Heigel made equal contributions in settlement of Simmers' claim, that Simmers marked his suit, "settled, discontinued and costs paid."

Plaintiff filed a reply to defendant's new matter whereupon defendant filed an amended answer in which he averred in addition to the averments in his original new matter, that Luizer had made no claim for his own damages in the Simmers case and that the adjusters acting on behalf of Luizer and Heigel had agreed that in consideration of mutual contributions toward Simmers' claim, no claims would be made between Luizer and Heigel.

To this answer, Luizer filed preliminary objections by way of motion to strike off the new matter. On September 25, 1950, we filed an opinion dismissing the preliminary objections, holding that regardless of Heigel's proposition of law that the Simmers settlement disposed of any claim between Luizer and Heigel, Heigel's averment of compromise of their mutual claims by agents of Luizer and Heigel, if true, would bar this action. We further held that the amended answer rendered nugatory plaintiff's earlier reply and that plaintiff should reply over within 20 days. We do not find this new reply in the files but both parties agree that it is to be considered filed.

Defendant has now moved for judgment on the pleadings, contending that the admitted compromise of the Simmers claim by mutual contribution coupled with Luizer's failure to state his claim against Heigel in his pleading joining Heigel as an additional defendant in the Simmers case, at law bars Luizer from setting up the present claim.

In support of his contention defendant cites Simodejka v. Williams, 360 Pa. 332, which we discussed in our former opinion and he calls attention to Pennsylvania Rule of Civil Procedure 2255(a), which provides as follows:

"The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

In Simodejka v. Williams, supra, we have the identical situation that we have here except for three matters (the first two of which are inconsequential so far as we are concerned): (1) Plaintiff in the former case against Simodejka, and in which Simodejka joined Williams, was a passenger in Williams' car and not the operator of a third car; (2) the owner of the car driven by Simodejka sued Williams, who joined Simodejka as an additional defendant and stated a claim against Simodejka for his (Williams') damages; (3) *verdicts were rendered* in each case—they were tried together—for the respective plaintiffs against both original and additional defendants. The Supreme Court held in the suit of Simodejka v. Williams:

"The verdicts determined that the cause of action was the negligence of both Michael and Williams. Michael's cause of action, the basis of his complaint in the present suit, is the same cause of action on which he received contribution in the other suit. It is immaterial, in now passing on Williams's motion for judgment on the pleadings that George and Bosanac were also parties in the prior suits."

In our former opinion in this case we called attention to a distinction that we considered controlling between our case and the Simodejka case, in that in the Simodejka case there had been an *adjudication* of the negligence of both parties, whereas in the present

case there was no such adjudication, but merely a voluntary payment from which no legal conclusions could be drawn.

We believe that the language of the Simodejka opinion (p. 335) that Simodejka should have pressed his claim for personal injuries in his complaint against Williams as additional defendant is obiter dictum, but dictum of the highest order (overruling decisions like Stouffer v. Gephart et al., 65 D. & C. 86, and Bigler, admx., v. Perry et al., 55 D. & C. 544, that claims may not be asserted between defendant and additional defendant) and therefore entitled to the greatest respect.

It is to be noted, however, that the notation on the docket in Simmers v. Luizer and Heigel was an ex parte declaration of Simmers. If Simmers had merely discontinued his action, no question could have been raised that the mere bringing of the suit and its subsequent discontinuance had settled any claims between Luizer and Heigel.

Such a discontinuance would have been discretionary with Simmers and since it was as to all defendants, neither defendant could have prevented it, except upon a showing of unreasonable inconvenience, vexation, harassment, expense or prejudice: Pa. R. C. P. 229 (c).

Upon such discontinuance, plaintiff could have commenced a second action upon the same cause of action, upon payment of costs: Pa. R. C. P: 231 (a). The effect of such a discontinuance upon causes of action that the original suit might have evoked is prescribed in Pa. R. C. P. 232 (a), which provides that a discontinuance or nonsuit shall not affect the right of defendant to proceed with a counterclaim theretofore filed.

It will be seen, therefore, that a discontinuance will not protect any other causes of action evoked by the original suit and it would seem to follow that they would fall with the original suit.

Defendant Heigel contends, however, that Simmers' cause of action was not only marked discontinued, but that it was also marked "settled". In our opinion, the only legal effect of this word over a discontinuance without it, was to bar Simmers from bringing any further action. Again it was ex parte on Simmers' part and bound only him.

Unless Luizer and Heigel actually agreed between themselves (personally or by duly authorized agents) that they should waive all claims against each other, we are of the opinion that no action on their part to secure settlement of an annoying claim against both amounted either to a settlement of their mutual claims or to evidence of such a settlement: Vautier v. Atlantic Refining Company, 231 Pa. 8, 15; Broderick et al., v. Great Lakes Casualty Company et al., 152 Pa. Superior Ct. 449, 451.

While courts, in the interests of justice must close their eyes to insurance, it is common knowledge that automobile owners are insured, that protection of one kind or another may be in different hands and that, although one insurer may see an advantage to itself in settling a claim, another may want to keep another claim alive. An insured, by agreeing to coöperate and by permitting his insurers to compromise, may find himself between Scylla and Charybdis and therefore he ought not to be precluded by the action of one agent unless the action is within the agent's specific authority or unless the law clearly binds him.

We express no opinion upon the authority of the agent to bind Luizer. That is a question of fact to be decided upon a trial of the case. We are certain that voluntary discontinuance of a cause of action by a third party, even upon settlement of his claim, is not an adjudication of other claims which might have been made, but which were not made, in that action between codefendants.

Now, March 1, 1954, defendant's motion for judgment on the pleadings is denied and the case may go to arbitration on præcipe of either party.