Pansy ROSS

v.

**William and Paula TOMLIN and Chester Fulton, Kim Allen and Charles Coleman.**

**Appeal of Chester Fulton and Kim Allen.**

Superior Court of Pennsylvania.

Argued April 10, 1997.

Filed July 3, 1997.

Richard A. Kraemer, Philadelphia, for appellants.

Before BECK, SAYLOR and MONTEMURO,* JJ.

BECK, Judge.

Plaintiff, a passenger in a car, was injured in a chain-reaction auto collision. She sued multiple defendants. Two of the defendants made a cross-claim against a third defendant. Plaintiff settled and discontinued her lawsuit.

In this appeal, we examine the effect of plaintiff's settling and discontinuing her action against all defendants upon the right of two of the defendants to prosecute their claim pursuant to Pa.R.C.P. 2252 against a third defendant. We conclude that a plaintiff's discontinuance of her action does not affect the right of a defendant to continue to prosecute a claim against another defendant.

As noted above, this matter arose out of a multi-vehicle automobile accident. Plaintiff Pansy Ross was a passenger in a car owned and operated by defendant Charles Coleman. Coleman's car was struck from behind by a car owned by defendant Kim Allen and driven by defendant Chester Fulton (second car), which had itself been struck from behind by a car owned by defendant Paula Tomlin and driven by defendant William Tomlin (third car). Ms. Ross filed a negligence action naming as defendants all of the persons involved in the accident including the driver of the car in which she was a passenger, to wit: William Tomlin, Paula Tomlin, Chester Fulton, Kim Allen and Charles Coleman. Defendant Allen, owner of the second car, and Fulton, driver of the second car, filed a joint answer and new matter in which they included a "new matter crossclaim" pursuant to Pa.R.C.P. 2252 [1] against William Tomlin, driver of the third car. In this new matter they alleged that Tomlin, the driver of the third car, was negligent and his negligence

caused the accident. They sought damages for personal injuries suffered by Fulton, driver of the second car, and property damage incurred by Allen, owner of the second car, in the collision. Prior to trial of the action initiated by Ms. Ross, the court was advised that a settlement had been reached, and accordingly an order was entered discontinuing the case and removing it from the applicable trial list. The language of the order was general and did not specifically address the claims by Allen and Fulton against Tomlin. The record does not include a scope of the settlement.

Nine months after the order of discontinuance was entered, Allen and Fulton filed a motion for judgment on the pleadings on their Rule 2252 cross claim against William Tomlin. That motion was granted as to liability only. No further action was taken for over a year, at which point Allen and Fulton began to inquire with the trial court prothonotary as to why the matter had not been listed for an assessment of damages hearing. They were informed that the matter could not be listed because it was marked discontinued. Allen and Fulton then filed a motion to strike the discontinuance, asserting that the discontinuance improperly included their claims against William Tomlin, which had not been settled. Their motion was denied by the trial court, and this appeal by Allen and Fulton followed.

Appellants contend that the trial court erred as a matter of law in refusing to strike off the discontinuance to allow their claim against Fulton to proceed. We agree.

Pennsylvania Rule of Civil Procedure 232 provides that "a discontinuance ... shall not affect the right of the defendant to proceed with a counterclaim theretofore filed." Pa. R.C.P. 232(a). Although this rule does not specifically speak to the disposition of claims

---

* Retired Justice assigned to Superior Court.

1. Pa.R.C.P. 2252 allows a defendant to join as an additional defendant any person who may be solely liable, liable over to the joining defendant, or jointly or severally liable with the joining defendant on the plaintiff's cause of action, or who may be liable to the joining party on any cause of action arising out of the same transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based. Pa.R.C.P. 2252(a). Where the person sought to be so joined is already a party to the action, the joinder is accomplished by asserting the claim in new matter. Pa.R.C.P. 2252(d).

against additional defendants joined pursuant to Pa.R.C.P. 2252, the rationale behind the rule—that a plaintiff should not be able, by voluntarily discontinuing his or her action, to affect adversely the defendant's rights with respect to separate causes of action which happen to be initiated by counterclaim—applies equally in the case of a Rule 2252 claim against an additional defendant. Moreover, Pa.R.C.P. 2255 provides that "the procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." Pa.R.C.P. 2255(a). Under this rule, Allen and Fulton, as joining parties, are in the role of plaintiffs in their action against Tomlin and therefore have the sole discretion to discontinue their claim against Tomlin prior to trial. *See* Pa.R.C.P. 229; *see also* Pa.R.C.P. 232(b) ("A counterclaim may not be terminated … except by discontinuance or voluntary nonsuit, subject to conditions similar to those applicable to the plaintiff.") It follows that Ms. Ross's discontinuance of her action based upon settlement of her claims against the original defendants should not have the effect of discontinuing Allen's and Fulton's separate cause of action against Tomlin, which was properly joined pursuant to Rule 2252, against their will. *See Luizer v. Heigel,* 88 Pa. D. & C. 378 (1954)(effect of discontinuance of plaintiff's suit upon claim between defendants evoked by that suit is prescribed by Pa.R.C.P. 232(a)).

Because the trial court's order in this matter directing that plaintiff's action be marked discontinued should properly have had no effect upon Allen's and Fulton's rights to proceed with their Rule 2252 claim against Tomlin, the court had no discretion to refuse to correct any ministerial errors or misun-

derstandings by its administrative officers which resulted in appellants' inability to move their claim forward.[2] The court was bound to recognize the mandatory language of Rules 232(a) and 2255, providing that as a matter of law, plaintiff's discontinuance was without legal effect upon appellants' Rule 2252 claim. Thus the discretionary concerns regarding delays in appellants' prosecution of their action which the court cited in its opinion were beyond the proper scope of its consideration.

Accordingly, we vacate the trial court's order and remand for such action as may be necessary to ensure that, while plaintiff's settlement is protected, appellants are permitted to proceed with their claim under Pa. R.C.P. 2252.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction is relinquished.

---

**2.** The trial court noted that "the Court was presumably advised that the matter was settled without exception. Any crossclaims not settled should have been tried in 1993." Order, 9/25/96. However, the record does not disclose that the court was so informed. Plaintiff in her answer to Allen and Fulton's motion to strike off the discontinuance has not disputed their characterization of the scope of the settlement. Tomlin did not respond to the motion to strike off the discontinuance, nor indeed to the Rule 2252 new

matter itself. Thus the record appears to bear out Allen and Fulton's assertion that their claim against Tomlin was not included in the settlement reached with plaintiff Ross.

Moreover, even if the Rule 2252 claim by Allen and Fulton against Tomlin was intended to be included in the settlement, for the reasons discussed *infra*, discontinuance of that claim could be accomplished only with the assent of Allen and Fulton and by a specific order of discontinuance.