J-A24039-19

2019 PA Super 345

BOLLARD & ASSOCIATES, INC. : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PA ASSOCIATES, ROBERT A. ROSIN, :
ESQ., GARY SCHMIDT, AND HARRY :
SCHMIDT : No. 3099 EDA 2018
:
:
APPEAL OF: GARY SCHMIDT AND :
HARRY SCHMIDT :

Appeal from the Order Entered October 10, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2017-28489

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

OPINION BY COLINS, J.: **FILED NOVEMBER 19, 2019**

This is an appeal from an order of the Court of Common Pleas of

Montgomery County (trial court) dismissing an action in its entirety following

the plaintiff's settlement and discontinuance of its claims against all

defendants, despite the fact that several defendants had filed cross-claims for

indemnity and contribution against a co-defendant and those cross-claims had

not been settled or discontinued. For the reasons set forth below, we vacate

the trial court's dismissal of the cross-claims.

On December 8, 2017, plaintiff Bollard & Associates, Inc. (Plaintiff)

brought this action against Appellants Gary Schmidt and Harry Schmidt

_____

[*] Retired Senior Judge assigned to the Superior Court.

(collectively, Appellants), Robert A. Rosin, Esq. (Rosin), who was Appellants' former attorney, and PA Associates, a partnership owned by Appellants and Rosin. Plaintiff sought in this action to set aside transfers of Harry Schmidt's assets to Gary Schmidt under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S. §§ 5101-5114, to collect a judgment that Plaintiff had obtained against Harry Schmidt in other litigation.

Appellants in their answer to the complaint averred that they had instructed Rosin to transfer the assets at issue due to Harry Schmidt's health and age long before the other litigation and that Rosin was negligent in failing to do so. Appellants' and PA Associates' Answer and Cross-Claim, Answer ¶¶8-9. In this answer, filed May 21, 2018, Appellants and PA Associates pleaded cross-claims for indemnity and contribution against Rosin. *Id.*, Cross-Claim ¶¶1-2. Appellants and PA Associates also filed a Certificate of Merit with respect to their claims against Rosin on the same day that they filed their answer and cross-claim.

Rosin, in his answer to Plaintiff's complaint, filed cross-claims against Appellants and PA Associates to recover moneys that Appellants allegedly owed him for expenses in an appeal in the underlying litigation and moneys that Appellants and PA Associates allegedly owed him arising out of other transactions. Rosin Answer and Cross-Claim at 2-4. In their reply to Rosin's cross-claims filed June 5, 2018, Appellants and PA Associates again pleaded

cross-claims for indemnity and contribution against Rosin. Appellants' and PA Associates' Reply to New Matter, Cross-Claim ¶4.

On July 10, 2018, Rosin filed a praecipe to withdraw his cross-claims against Appellants and PA Associates. On or before August 15, 2018, Plaintiff entered into a settlement resolving its claims in this action and a stipulation to discontinue all of Plaintiff's claims with prejudice was filed on August 15, 2018. This stipulation, titled "STIPULATION TO DISCONTINUE PLAINTIFF'S CLAIMS ONLY," was signed by all parties and stated:

> The undersigned do hereby Stipulate and agree to request that the Prothonotary kindly mark the Plaintiff's Complaint against Defendants PA Associates a Partnership, Robert Rosin, Harry Schmidt and Gary Schmidt discontinued with prejudice. **All of the remaining cross claims by the Defendants shall continue to be prosecuted by the Defendants in due course.**

Stipulation of Discontinuance (emphasis added).

On July 24, 2018, before the discontinuance of Plaintiffs' claims, Appellants and PA Associates had filed a motion to compel Rosin to respond to document requests. On August 23, 2018, Rosin filed a timely answer to the motion to compel in which he contended that the motion should be denied because the discontinuance had terminated the case in its entirety and because Appellants and PA Associates had filed a legal malpractice action against him in Philadelphia that asserted the same claims. Answer to Motion to Compel ¶¶2-6, 8. Rosin did not set forth any information concerning the terms of Plaintiff's settlement of its claims in this answer or attach any documents concerning the settlement other than the stipulation discontinuing

Plaintiff's claims. Rosin attached incomplete docket entries from the Philadelphia action and a copy of document requests from the Philadelphia action to his answer, *id.* Ex. D, but did not attach any complaint in that action. Rosin also submitted with this answer a proposed order denying the motion that included language stating that based on the discontinuance and Appellants' Philadelphia malpractice action, "there is no open justiciable issue existing in this case" and directing that "[t]he Prothonotary is to mark this case closed by the parties." *Id.*, Proposed Order. On September 18, 2018, the trial court entered an order granting Appellants' motion to compel and ordering Rosin to respond to the document requests within 20 days.

On September 27, 2018, Rosin filed a petition for reconsideration of the September 18, 2018 discovery order reiterating the same arguments that the discontinuance had terminated the case in its entirety and that Appellants and PA Associates had filed a legal malpractice action against him in Philadelphia that asserted the same claims. Petition for Reconsideration ¶¶6-12. Rosin did not attach any documents from the Philadelphia action as exhibits to his petition for reconsideration and again submitted no information or documents concerning the terms of Plaintiff's settlement. The proposed order that Rosin submitted with the petition for reconsideration not only provided that the September 18, 2018 discovery order was vacated, but also contained language stating that "there is no open justiciable issue existing in this case" and that "the Prothonotary is directed to mark this case settled by the parties."

*Id.*, Proposed Order.  Rosin did not serve a rule to show cause setting a return date by which an answer to the petition for reconsideration was due.

On October 9, 2018, less than two weeks after Rosin filed his petition for reconsideration, the trial court issued an order granting the petition, ordering that its September 18, 2018 order "is hereby VACATED," and ordering:

> Further, it appearing to the Court that Plaintiff Bollard & Associates, Inc. having stipulated to discontinue its claim on 8/15/18 (#24); and that the cross claim of Robert Rosin, Esq., having been withdrawn on 7/10/18 (#18); and that Defendants Gary Schmidt, Harry Schmidt and PA Associates have commenced a legal malpractice claim in Philadelphia County on 4/3/18, case number 180400428; there is no open justiciable issues [*sic*] existing in this case; it is hereby ORDERED that the Prothonotary shall mark this case as settled.

Trial Court Order, 10/9/18.  As of October 10, 2018, the date that this order was entered, Appellants had not filed an answer to the petition for reconsideration.  On October 22, 2018, Appellants filed the instant appeal.[1]

In this Court, Appellants argue that the trial court erred in holding that Plaintiff's discontinuance terminated their cross-claims and erred in dismissing their cross-claims based on the Philadelphia action.[2]  We agree.

---

[1] Defendant PA Associates did not file a notice of appeal or join in Appellants' appeal.  Neither Plaintiff nor PA Associates has participated in this appeal.

[2] These issues are both questions of law.  ***Ross v. Tomlin***, 696 A.2d 230, 232 (Pa. Super. 1997) (effect of the plaintiff's discontinuance on cross-claims was an issue of law over which the trial court had no discretion); ***PNC Bank v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa. Super. 2010)

- 5 -

A discontinuance of all of the plaintiff's claims in an action does not discontinue counterclaims filed by a defendant and does not deprive the trial court of jurisdiction to adjudicate those claims. Pa.R.C.P. 232(a); **American Express Bank, FSB v. Martin**, 200 A.3d 87, 91 (Pa. Super. 2018). This rule applies equally to cross-claims filed by a defendant against another defendant. **Ross v. Tomlin**, 696 A.2d 230, 231-32 (Pa. Super. 1997); **see generally** 7 Standard Pennsylvania Practice 2d § 39:32 (citing **Ross**).

In **Ross**, this Court held that where two defendants had filed cross-claims against a third defendant, it was reversible error for the trial court to mark an action closed or discontinued in its entirety based on the settlement and discontinuance of the plaintiff's claims against all defendants. 696 A.2d at 231-32. The Court held that absent evidence that the settlement with the plaintiff included settlement of the cross-claims, the discontinuance of plaintiff's claims "should properly have had no effect upon [appellants'] rights to proceed with their Rule 2252 claim[3] against [the co-defendant]" and that

---

(dismissal based on prior pending action is a question of law). Our standard of review here therefore is *de novo*, and our scope of review is plenary. **Saint Luke's Hospital of Bethlehem v. Vivian**, 99 A.3d 534, 540 (Pa. Super. 2014).

[3] At the time of the **Ross** decision, cross-claims against a co-defendant were filed under Pa.R.C.P. 2252(d). **Ross**, 696 A.2d at 231 n.1. Cross-claims are now governed by Pa.R.C.P. 1031.1, but the types of cross-claims that may be asserted are identical to the claims that may be asserted against additional defendants under Rule 2252. Pa.R.C.P. 1031.1 Explanatory Comment.

"as a matter of law, plaintiff's discontinuance was without legal effect upon appellants' Rule 2252 claim." *Id.* at 232.

Appellants' cross-claims in this case asserted claims for indemnity and contribution against Rosin with respect to the plaintiff's claims. Appellants' and PA Associates' Answer and Cross-Claim, Cross-Claim ¶2; Appellants' and PA Associates' Reply to New Matter, Cross-Claim ¶4. There was no evidence in the record concerning the settlement terms from which the trial court could find that the settlement resolved all claims for contribution and indemnity or that Appellants did not pay anything in the settlement for which they could seek indemnity or contribution. Indeed, the discontinuance is clear on its face that Appellants' cross-claims were not discontinued or dismissed, as it expressly stated that the discontinuance was of "plaintiff's claims only" and that "[a]ll of the remaining cross claims by the Defendants shall continue to be prosecuted by the Defendants in due course." Stipulation of Discontinuance (unnecessary capitalization omitted).

Rosin argues that ***Ross*** is distinguishable because it involved cross-claims for damages on independent causes of action and does not apply where the cross-claims are based on the plaintiff's claims. ***Ross*** did involve cross-claims for personal injuries and property damage suffered by the cross-claimant defendants in the accident that injured the plaintiff, rather than claims for indemnity or contribution. 696 A.2d at 231. That fact, however, does not make ***Ross*** inapplicable here. The Court in ***Ross*** did not limit its

holding to cross-claims asserting independent causes of action. Rather, the Court held that the rule that a plaintiff's discontinuance does not affect counterclaims "applies equally in the case of a Rule 2252 claim" and that a "Rule 2252 claim" is not affected by the voluntary discontinuance of the plaintiff's claims. *Id.* at 232. The term "Rule 2252 claim" encompassed any cross-claim or claim against an additional defendant, including claims that the cross-claim defendant or additional defendant is liable on plaintiff's cause of action. *Id.* at 231 n.1. Rosin cites no case law suggesting that cross-claims for indemnity or contribution are automatically terminated by the discontinuance of the plaintiff's claims.

Moreover, a discontinuance of the plaintiff's claims based on a settlement does not necessarily moot a claim for indemnity or contribution against a co-defendant or bar such a claim on the merits. A defendant who makes a payment in a settlement can still have a right to recover the amount that he paid on an indemnity claim or a portion of the amount that he paid on a theory of contribution. ***See In re Island View Crossing II, L.P.***, 598 B.R. 552, 566 (Bankr. E.D. Pa. 2019) (under Pennsylvania law, a cross-claim asserting that "the cross-claim-defendant is liable over to the defendant if the defendant is liable to the plaintiff" is not moot "if the discontinuance is based on a settlement in which the defendant paid or agreed to make a payment to the plaintiff" because the defendant may wish to recover that payment on the cross-claim). Here, there was no evidence that the terms of the settlement

precluded Appellants from proving that they made a payment to Plaintiff for which they could seek indemnity or contribution.

Because there was no evidence before the trial court from which any finding could be made that the settlement of Plaintiff's claims resolved, mooted, or barred Appellants' cross-claims, the trial court erred in holding that there were "no open justiciable issues existing in this case" as a result of Plaintiff's discontinuance.

The dismissal of Appellants' cross-claims likewise cannot be sustained on the ground that the cross-claims were duplicative of the Philadelphia malpractice action that Appellants had filed against Rosin.

Pendency of a prior action, also known as the doctrine of *lis pendens*, is a valid ground for dismissal of a later-filed action where the parties, the causes of action and the relief are the same in both actions. ***Barren v. Commonwealth***, 74 A.3d 250, 253 (Pa. Super. 2013); ***PNC Bank v. Bluestream Technology, Inc.***, 14 A.3d 831, 835-37 (Pa. Super. 2010); ***Crutchfield v. Eaton Corp***., 806 A.2d 1259, 1262 (Pa. Super. 2002). Dismissal on this ground, however, is not permissible simply because the two actions involve identical parties and arise from the same relationship or events. Even if similarities are present, the second action can be dismissed only if the same causes of action asserted in the second action are asserted in the first action and all of the relief sought in the second action is sought in the first action. ***Bluestream Technology, Inc.***, 14 A.3d at 837-39; ***Davis***

*Cookie Co., Inc. v. Wasley*, 566 A.2d 870, 874 (Pa. Super. 1989); *Penox Technologies v. Foster Medical Corp.*, 546 A.2d 114, 115 (Pa. Super. 1988). If the causes of action or relief sought are not the same, a second action that involves related facts and issues can be stayed on grounds of judicial economy pending the resolution of the first action, but it cannot be dismissed on prior pending action grounds. *Bluestream Technology, Inc.*, 14 A.3d at 839; *Crutchfield*, 806 A.2d at 1262.

Whether the requirements for dismissal on prior pending action grounds are satisfied is to be determined from inspection of the records in the two actions. *Bluestream Technology, Inc.*, 14 A.3d at 835; *Crutchfield*, 806 A.2d at 1262. Here, there was not an adequate record to determine what causes of action were pled and what relief was sought in the Philadelphia action. Rosin did not submit a copy of the Philadelphia complaint in either his answer to the motion to compel or his petition for reconsideration and there is no copy of the Philadelphia complaint in the record in this case. Because it was not shown that the Philadelphia action pleaded a cause of action related to the transfers of assets that were the subject of Plaintiff's claims in this action or sought indemnity and contribution for Plaintiff's claims, the required identity of the causes of action and relief sought was not satisfied. Appellants' cross-claims therefore could not be dismissed based on the Philadelphia action. *Davis Cookie Co., Inc.*, 566 A.2d at 874-77; *Penox Technologies*, 546 A.2d at 115-16.

The trial court in its opinion also states that the petition for reconsideration could be treated as uncontested because Appellants filed no answer, Trial Court Opinion at 4, and Rosin argues that the order can be affirmed on this basis. We do not agree.

The trial court issued its order 12 days after Rosin filed the petition for reconsideration. Under Pennsylvania Rule of Civil Procedure 208.3 and Montgomery County Local Rule of Civil Procedure 208.3(b), Appellants had at least 20 days to file an answer to the petition. Pa.R.C.P. 208.3(b) (where local rule requires a response to a motion, response shall be filed within 20 days unless the time for response is modified by court order or enlarged by local rule); Mont. Co. R.C.P. 208.3(b)(2), (3) (respondent must file an answer to a motion on or before return date fixed by court administrator, which shall be at least 20 days after motion was filed).[4]  Therefore, no deadline for Appellants

_____

[4] The fact that Rosin's filing was denominated a "petition" did not make these rules inapplicable.  Although petitions under Pa.R.C.P. 206.1 are not subject to the rules governing motions, Pa.R.C.P. 208.1(b)(1)(vii), the petition for reconsideration was not a Rule 206.1 petition.  Petitions that are excluded from the motion rules are limited to applications to strike or open a default or non pros judgment and any other application specifically designated by local rule as a Rule 206.1 petition.  Pa.R.C.P. 206.1(a).  The only filings that the Montgomery County Rules of Civil Procedure designate as Rule 206.1 petitions are applications to transfer venue on the ground of *forum non conveniens*. Mont. Co. R.C.P. 206.1(a).

- 11 -

to respond to the petition had expired when the trial court issued its order, and the petition for reconsideration could not be treated as uncontested.[5]

For the foregoing reasons, we conclude that the trial court erred in ruling that Appellants' cross-claims were barred by Plaintiff's discontinuance and by Appellants' Philadelphia action against Rosin.  Accordingly, we vacate the trial court's order insofar it ruled that no justiciable issues remain in the case and insofar as it directed that the action be marked settled in its entirety, and remand this case to the trial court for further proceedings on Appellants' indemnity and contribution cross-claims.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19

---

[5] Appellants argue that the trial court committed reversible error by ruling prematurely on the petition for reconsideration before any answer was due. In light of our conclusion that the trial court's order must be vacated on the merits, we do not address whether its ruling before Appellants' deadline to respond was error or was within its authority to reconsider its September 18, 2018 order *sua sponte*. **See Haines v. Jones**, 830 A.2d 579, 584 (Pa. Super. 2003); **Key Automotive Equipment Specialists, Inc. v. Abernethy**, 636 A.2d 1126, 1128 (Pa. Super. 1994).