# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                         :
                                             :
              v.                             :    No. 861 C.D. 2024
                                             :
Bizness As Usual, Inc.,                      :
                            Appellant        :    Submitted: May 12, 2026


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                        FILED: June 5, 2026


Bizness As Usual, Inc. (Appellant) appeals from the June 12, 2024 order of the Court of Common Pleas of Philadelphia County (trial court). The trial court granted the City of Philadelphia's (City) amended tax lien petition (Petition) and entered an Order and Decree allowing the tax sale of Appellant's real property to collect on liens for unpaid taxes. We conclude Appellant waived all issues on appeal by failing to preserve them before the trial court, and we thus dismiss the appeal.

Appellant owns the property at 4809 Chester Avenue, Philadelphia, Pennsylvania (Property). Since at least 2017, Appellant and its principal, Antoine Gardiner, failed to pay real estate taxes and water service charges for the Property, as well as for many other properties they own, for which the City filed liens under the Municipal Claims and Tax Liens Act (MCTLA).[1] The City and Gardiner entered

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

into a settlement agreement in 2018, but this did not resolve the matter, and more litigation and appeals to this Court[2] ensued. In 2021, the City filed an *in personam* civil suit against Gardiner seeking to collect on his and his companies' debts to the City, including those of Appellant for real estate taxes on the Property from 2018 to 2020.

On May 31, 2023, the City filed the Petition seeking a sheriff's sale of the Property under Section 31.2 of the MCTLA[3] to collect on the liens. This was an *in rem* action against the Property itself. Appellant answered the Petition, citing the settlement agreement and asserting defenses of res judicata and collateral estoppel. On June 12, 2024, the trial court held a hearing on the Petition. At the close of the hearing, the trial court entered an Order and Decree under Section 39.2 of the MCTLA[4] permitting a sheriff's sale of the Property. Appellant appealed that Order and Decree and later filed a Pa.R.A.P. 1925(b) statement identifying six errors, which were principally that the trial court erred in allowing the petition for sale to proceed while the *in personam* action was ongoing and that Appellant had shown a defense based on *lis pendens*.[5]

---

[2] On April 27, 2026, the City filed an Application for Leave to Submit Notice of Recent Opinion (Application) regarding our decision in *City of Philadelphia v. Biz as Usual, LLC c/o Antoine Gardiner* (Pa. Cmwlth., No. 122 C.D. 2024, filed Apr. 17, 2026), 2026 WL 1041751. The Court granted the Application by April 28, 2026 order. We are aware of and will consider our recent decision in *Biz as Usual* where pertinent.

[3] It provides, in relevant part: "[I]n cities of the [first class] . . . , whenever a claimant has filed its tax or municipal claim . . . , it may file its petition . . . setting forth the facts necessary to show the right to sell . . . and thereupon the court shall grant a rule upon all parties . . . to appear and show cause why a decree should not be made that the property be sold . . . ." Added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283(a).

[4] It permits entry of a decree for sale of property after service of the rule to show cause on the owner. Added by the Act of Dec. 14, 1992, P.L. 859, 53 P.S. § 7293.2.

[5] *Lis pendens* is Latin for "pending lawsuit." In the sense used here—as a defense to litigation—it is another name for the prior pending action doctrine, which allows "dismissal of a **(Footnote continued on next page…)**

On appeal,[6] Appellant first argues the trial court should have dismissed the Petition and erred in rejecting Appellant's defense of *lis pendens* based on the *in personam* action. Second, in the alternative, Appellant claims the trial court erred or abused its discretion in not staying (as distinct from dismissing) the *in rem* action pending the *in personam* action. The City argues Appellant waived both issues by failing to raise them below.[7]

As an affirmative defense, *lis pendens* must be pled in the trial court or it is waived. Pa.R.Civ.P. 1032(a); *Cnty. of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1094 (Pa. Cmwlth. 2011), *as amended* (Oct. 5, 2011). The City explains that Appellant filed no preliminary objections and did not raise *lis pendens*, or even mention the *in personam* action, in its Answer. *See* Reproduced Record (R.R.) at 38a-40a (Answer). Accordingly, Appellant waived that defense. Including it in the Pa.R.A.P. 1925(b) statement "cannot resurrect" the issue. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009); Pa.R.A.P. 302(a) (providing that issues "not raised in the trial court are waived and cannot be raised for the first time on appeal.").[8]

---

later-filed action where the parties, the causes of action and the relief are the same" as those of an earlier-filed action. *Bollard & Assocs., Inc. v. PA Assocs.*, 223 A.3d 698, 703-04 (Pa. Super. 2019); *see also lis pendens*, BLACK'S LAW DICTIONARY (12 ed. 2024).

[6] Our review in tax sale cases "is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law." *City of Phila. v. F.A. Realty Invs. Corp.*, 95 A.3d 377, 380 n.9 (Pa. Cmwlth. 2014).

[7] The parties also address appealability in their briefs, apparently prompted by our order for them to do so in *Biz as Usual*, which involved related parties. *See* Pa. Cmwlth., No. 122 C.D. 2024, Order filed Oct. 18, 2024. They argue the trial court's order is final and appealable because it allowed the sale of the Property, thus disposing of all claims under the MCTLA, ending the litigation at least as to the liens, and leaving "nothing . . . for the trial court to decide." *Id.*, slip op. at 5-6 (and explaining that such orders must be final to protect parties' appeal rights). The appealability analysis here is no different and we are satisfied of jurisdiction.

[8] We do not address the issue because it is waived, but as we recently observed:

In any event, Appellant's argument on appeal lacks merit. *See Gywnedd Club*
**(Footnote continued on next page…)**

We find Appellant's second issue, whether the trial court erred in not staying the *in rem* action, waived as well. Our review of the record finds no request by Appellant for a stay below, either of the Petition proceeding or for supersedeas of the trial court's judgment. In either situation, the request must first be presented to the trial court because that is the court with discretion to grant it. *In re Penn-Delco Sch. Dist.*, 903 A.2d 600, 606 (Pa. Cmwlth. 2006); Pa.R.A.P. 1732(a). Thus, this issue is not a basis for disturbing the trial court's decision.

For these reasons, we conclude Appellant waived all issues on appeal by failing to preserve them before the trial court. Accordingly, we dismiss the instant appeal. *See Brandywine Hosp., LLC v. Cnty. of Chester Bd. of Assessment Appeals*, 291 A.3d 467, 488 (Pa. Cmwlth. 2023), *appeal denied*, 308 A.3d 779 (Pa. 2024).

_____
MATTHEW S. WOLF, Judge

---

*Condominium Association v. Dahlquis* (Pa. Cmwlth., Nos. 1628, 1816 C.D. 2017, filed April 15, 2019), slip op. at 13 (holding that *lis pendens* criteria were not met because although the two actions involved the same parties, "the relief requested in each action was not the same[, as] the relief sought in the [*i*]n [*p*]ersonam [a]ction was a monetary judgment against [the defendant], whereas the relief sought in the [*i*]n [*r*]em [a]ction was enforcement of the [homeowners' a]ssociation's lien on her property").

*Biz as Usual*, slip op. at 7 n.6 (bracketing in original).

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                  :
           v.               :    No.  861 C.D. 2024
                                  :
Bizness As Usual, Inc.,      :
                Appellant   :

# **O R D E R**

AND NOW, this 5th day of June 2026, the above-captioned appeal is DISMISSED for waiver of all issues.

_____
MATTHEW S. WOLF, Judge