J-A04028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE ESTATE OF SYLVESTER H. COOK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DIANNE NOWICKI AND | : | |
| ALLAN J. NOWICKI, | : | |
| | : | |
| Appellants | : | No. 1677 EDA 2019 |

Appeal from the Order Entered May 9, 2019
in the Court of Common Pleas of Bucks County
Civil Division at No(s): 2018-03455

BEFORE:  PANELLA, P.J., STRASSBURGER, J.* and COLINS, J.*

MEMORANDUM BY STRASSBURGER, J.:                    Filed: June 18, 2020

Dianne Nowicki and Allan J. Nowicki (collectively, Appellants), *pro se*

appeal from the May 9, 2019 order denying their petition to strike/open a

confessed judgment. We affirm.

The trial court provided the following factual and procedural history,

derived from the complaint of the Estate of Sylvester H. Cook (the Estate)[1].

> This matter involves a mortgage loan by [the Estate] to
> RRQ, LLC,[a] for fifty-six acres of property in Tinicum Township,
> Bucks County. The mortgage was for $375,000[] at an interest
> rate of 4% annum. … The mortgage contained a confession of
> judgment and suretyship and guaranty clause personally binding

---

[1] The personal representative of the Estate of Sylvester H. Cook in his/her capacity as executor/executrix or administrator of the estate should have been named as a party, not the Estate. ***Myers v. Estate of Wilks***, 655 A.2d 176, 178 (Pa. Super. 1995) (stating estate of decedent is not proper party to suit commenced after decedent's death; rather, it is the personal representative of decedent's estate); ***see also*** 20 Pa.C.S. § 3373 ("An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive.").

\* Retired Senior Judge assigned to the Superior Court.

[Appellants] to the mortgage. A mortgage note was executed on May 7, 2013. [Appellants] both signed [guaranty and suretyship agreements (GSA) and] disclosures for confession of judgment indicating their understanding that a default on the mortgage note would make them personally responsible for the loan.

_____
[a] RRQ, LLC is a Pennsylvania LLC[.] The Nowicki[]s are the only two members of RRQ[, LLC].

On May 6, 2015, [RRQ, LLC and the Estate] agreed to a note and mortgage modification agreement changing the terms of payment and maturity of the initial mortgage note. Aside from these changes, no other changes were made to the terms of the note. At this time, [Appellants each] signed another [GSA and] disclosure for confession of judgment.

RRQ, LLC[] did not make a required payment on the mortgage of $75,000[] on May 7, 2016, and while an interest payment of $12,000[] was made on June 3, 2016, no other payments have been made since that date. [Appellants] were the personal guarantors on the mortgage, and since RRQ, LLC defaulted on the mortgage, the obligations of [Appellants] under the [GSAs] became due.

On October 10, 2017, the Estate filed a complaint in confession of judgment against RRQ, LLC. On June 12, 2018, the Estate filed a complaint in confession of judgment against [Appellants] seeking payment in the sum of $364,501.85[, which is the subject of this appeal]. On July 12, 2018, [Appellants] filed a petition to strike/open judgment. The Estate filed [a] response to [an] order to show cause on [Appellants'] petition to open judgment. [Appellants] filed their memorandum of law to strike/open judgment on March 25, 2019. Oral argument was heard on the petition to strike/open judgment on May 9, 2019. On that same day, the petition was denied.

On May 15, 2019, [Appellants] filed a motion for reconsideration. On May 16, 2019, [Appellants] filed a motion for recusal.

Trial Court Opinion, 9/6/2019, at 1-3 (citations to record omitted; unnecessary capitalization removed).

This timely-filed appeal followed.[2] Both Appellants and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellants raise one issue for our review: whether the trial court erred in denying their motion to strike/open judgment. Appellants' Brief at 6. In their brief, Appellants only address the denial of their petition to open the confessed judgment.

We review a challenge to an order denying a petition to open a confessed judgment for an abuse of discretion.[3] **PNC Bank v. Bluestream Tech., Inc.** 14 A.3d 831, 835 (Pa. Super. 2010) (citations omitted). "A petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the [trial] court and will not be disturbed absent a manifest abuse of discretion." **Id.**, *quoting* **PNC Bank v. Kerr,** 802 A.2d 634, 638 (Pa. Super. 2002). A "petition to open rests within the discretion

---

[2] On August 8, 2019, the trial court deemed the motions for reconsideration and recusal moot. **See Valley Forge Ctr. Associates v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245 (Pa. Super. 1997) ("Generally, either the lapse of 30 days beyond the date of entry of an original order, or the filing of a notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter. Pa.R.A.P. 1701(a). Rule 1701, however, allows the trial court to view its order for up to thirty days, even after an appeal has been filed, if a party files a petition for reconsideration within the 30-day appeal period and the trial court files an order 'expressly granting' reconsideration within the same period. Pa.R.A.P. 1701(b)(3)(i), (ii). … If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition [for reconsideration] and the original order.") (some citations omitted).

[3] As the Estate points out in its brief, Appellants incorrectly state the standard of review in their brief. Estate's Brief at 11-13; Appellants' Brief at 5.

of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." *Id.* at 836 (citations omitted).

Preliminarily, we observe that in its brief, the Estate attempts to present its arguments via incorporation by reference to other documents and does not set forth any argument on the merits. Rather it incorporates the arguments set forth in its response, and memorandum of law in support thereof, to Appellants' petition to strike/open the judgment filed in the trial court, and "defers to the determinations made by the trial court."[4] *See* Estate's Brief at 6-7.

Incorporation by reference is not proper development of an issue raised in a brief. Our Supreme Court has

> previously held that such "incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court. Our rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts

---

[4] In its brief, the Estate also asks us to dismiss Appellants' appeal for failure to comply with our rules of appellate procedure relating to the reproduced record. Estate's Brief at 7-11. Specifically, it argues Appellants' failure to file a reproduced record designation or to include relevant documents in the reproduced record requires dismissal of the appeal. *Id.* While we do not condone Appellants' failure to comply fully, the documents cited by the Estate as missing are part of the certified record. Thus, we do not believe the defects are so substantial as to warrant dismissal as in *Rosselli v. Rosselli*, 750 A.2d 355 (Pa. Super. 2000), cited by the Estate, and we decline to dismiss the appeal on this basis. *See Booher v. Olczak*, 797 A.2d 342, 344 (Pa. Super. 2002).

and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore[,] our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief.

*Commonwealth v. Briggs*, 12 A.3d 291, 342-43 (Pa. 2011) (citations omitted) (finding Briggs' claim waived where he incorporated by reference the argument set forth in a separate brief). "[C]ompliance with these rules by appellate advocates who have any business before our Court is mandatory." *Id.* at 343. Thus, we decline to consider the Estate's arguments. *See id.*; *Commonwealth v. Dodge*, 77 A.3d 1263, 1274-75 (Pa. Super. 2013) (noting with disapproval the Commonwealth's attempt to incorporate by reference its previous briefs and declining to consider the Commonwealth's arguments).

We now turn to the issue on appeal. By way of background, on February 27, 2018, Allan Nowicki filed, in Bucks County Court of Common Pleas at docket number 2018-01221, a complaint against the Estate, which alleged counts of fraud, fraudulent misrepresentation, and unjust enrichment in connection with the sale of the aforementioned property (Fraud Action). The Estate filed preliminary objections to the Fraud Action on May 23, 2018, which were overruled on February 6, 2019. *See* Nowicki's Memorandum of Law to Strike/Open Judgment, 4/8/2019, at Ex. A (Fraud Action, Order, 2/6/2019).

In their petition to open the confessed judgment, Appellants incorporated by reference the Fraud Action by attaching the docket entries

and a copy of the first amended complaint from the Fraud Action to their petition. Petition to Strike/Open Judgment, 7/12/2018, at Exs. C, D. This Court has held that incorporation of a complaint from a prior action within a petitioner's petition to open a confessed judgment is sufficient to plead the petitioner's defenses. ***Bluestream Tech., Inc.***, 14 A.3d at 840; ***see also*** Pa.R.C.P. 1019(g) ("Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county."). Thus, Appellants sufficiently pleaded their defenses.

Appellants' argument in their brief is underdeveloped and not clearly articulated. Nonetheless, we glean that it centers on their assertion that the doctrine of *lis pendens*,[5] and their incorporation of Allan Nowicki's claims of fraud and fraudulent misrepresentation against the Estate in the Fraud Action, permit opening of the confessed judgment. Appellants' Brief at 9-12.

---

[5] "Pursuant to the doctrine of *lis pendens,* dismissal of a later cause of action may be appropriate when the same parties are involved, the same rights are asserted, and identical relief is sought in each action." ***Bluestream Tech., Inc.***, 14 A.3d at 835.

The Estate did not challenge the promptness of Appellants' petition. Therefore, we begin by examining whether Appellants have alleged a meritorious defense. The doctrine of *lis pendens* can present a meritorious defense to support a petition to open a confessed judgment. **Bluestream Tech., Inc.**, 14 A.3d at 836. "We review *de novo* whether *lis pendens* operates as a meritorious defense." **Id.** at 836.

> In order to determine if [an appellant] presented a meritorious defense based on the doctrine of *lis pendens,* we examine if both suits involved the same parties (acting in the same legal capacity), the same causes of action (with due regard for the common law distinctions between contract, trespass, and equity actions), the same rights asserted, and the same relief requested.

**Id.** (citations and quotation marks omitted).

Here, the trial court rejected Appellants' *lis pendens* argument, explaining that the instant action and the Fraud Action involve "a different configuration" of parties and "different rights are being asserted." Trial Court Opinion, 9/6/2019, at 10.

We first review whether the same parties are involved. We start by noting that, as is the case here, the fact that a party is a plaintiff in a prior action, but a defendant in the later action, is not dispositive of the identity of party issue.[6] **Bluestream Tech., Inc.**, 14 A.3d at 837. However, as the trial court pointed out, the Fraud Action was brought by Allan Nowicki against the

---

[6] Allan Nowicki is the plaintiff in the Fraud Action and a defendant in the instant action. Conversely, the Estate is the plaintiff in the instant action and a defendant in the Fraud Action.

Estate and its co-executors, Herbert Cook and Stuart Cook. Dianne Nowicki is not a party to the Fraud Action. Because all the parties in this case are not parties to the Fraud Action, Appellants have not established this aspect of the doctrine of *lis pendens*. **See id.**

Additionally, Appellants have not established that the same causes of action are present in both matters for the doctrine of *lis pendens* to apply. "[T]he case/cause of action/controversy must be the same. …[I]n deciding whether the controversy in each case is the same, one is ordinarily required to examine the nature of the relief sought and the rights asserted by the parties." **Id.**

First, although the rights asserted by Allan Nowicki in the case *sub judice*, *i.e.*, avoidance of payment on the loan, are subsumed by the rights he asserted against the Estate in the Fraud Action, Dianne Nowicki's rights in this case were not implicated in the Fraud Action because she was not a party to that action. **See id.** at 838. Further, the Estate's "rights in each case differ since it is declaring a right to collect in the current matter," but there is nothing in the record before us to show that the Estate was "asserting a right to collect in the prior action." **Id.** Second, the relief that the Estate "could receive in the two actions is distinct since it would not be entitled to enforcement of the loan[] in the [Fraud Action] unless it filed a counterclaim." **Id.** at 839. There is nothing in the record to indicate the Estate filed a counterclaim in the Fraud Action. Accordingly, Appellants have not presented a meritorious defense

based on the doctrine of *lis pendens* and are not entitled to the opening of the judgment on this basis. ***See id.***

We next consider whether Appellants' incorporation of Allan Nowicki's claims of fraud and fraudulent misrepresentation against the Estate in the Fraud Action entitles Appellants to the judgment being opened.

Fraud and misrepresentation are meritorious defenses that can support the opening of a confessed judgment. ***Id.*** at 840. However, as we have explained,

> the mere pleading of those defenses is insufficient. [An appellant] must also establish that it set forth sufficient evidence in support of those defenses to give rise to a question that would require submission of the case to a jury. In deciding if sufficient evidence has been pled to compel presentation of the question to a jury, this Court must view all of the evidence in a light most favorable to the petitioner and must accept as true all evidence and proper inferences therefrom that support such a defense.

***Id.*** (citation omitted).

The trial court found that Appellants' attempt to incorporate other prior pending actions to establish fraud was insufficient to "meet their burden to show any clear, direct, precise and believable evidence of a meritorious defense, sufficient to present any issue to a jury." Trial Court Opinion, 9/6/2019, at 8.

In the Fraud Action, Allan Nowicki averred that the Estate's co-executors fraudulently induced him to enter into the agreement of sale of the aforementioned property, which he later assigned to RRQ, LLC. ***See*** Petition to Strike/Open Judgment, 7/12/2018, at Ex. D (Fraud Action, First Amended

Complaint, 4/4/2018). Specifically, Allan Nowicki averred that the Estate's co-executors made misrepresentations relating to a right-of-way to access the property, and the rental of a mobile home, garage, and shed on the property. *Id.* According to Allan Nowicki, he "would have never assigned his agreement to purchase the 56 acre parcel to RRQ, LLC … if he was made aware of this information" or "knew there was not a perfected legal right-of-way." *Id.* Likewise, Allan Nowicki averred he "would have never agreed to the personal guarantee of the loan and the confession of judgment … if he knew that there was not a perfected legal right-of-way." *Id.*

In deciding whether sufficient evidence has been pleaded to compel presentation of the question to a jury, we examine whether the parol evidence rule bars Appellants from introducing evidence of misrepresentation. Our Supreme Court has explained the parol evidence rule as follows.

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.
>
> Therefore, for the parol evidence rule to apply, there must be a writing that represents the entire contract between the parties. To determine whether or not a writing is the parties' entire contract, the writing must be looked at and if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the parties' engagement, it is conclusively presumed that the writing represents the whole engagement of the parties.

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004) (citations, quotations marks, brackets, and ellipses omitted). "An integration clause which states that a writing is meant to represent the parties' entire agreement is [] a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Id.* (citations omitted); *see also Hart v. Arnold*, 884 A.2d 316, 341 (Pa. Super. 2005) (stating the "effect of an integration clause is to make the parol evidence rule particularly applicable" and "parol evidence of prior representations is inadmissible as to a matter covered by the written agreement with an integration clause") (citations omitted). "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." *Yocca*, 854 A.2d at 437 (citations omitted). Exceptions to this rule are recognized where the writing is found to be ambiguous, and where a party avers that a term was omitted from the contract because of fraud, accident, or mistake. *Id.*

With respect to the agreement of sale of the property between Allan Nowicki and the Estate, even though the first amended complaint in the Fraud

Action states that such agreement was attached as an exhibit, [7] we are unable to locate it in the certified record before us, and it is not contained in the reproduced record.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

**Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (some citations omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Id.**; **see also** Pa.R.A.P. 1931. Because Appellants have failed to comply with relevant procedural rules, we are unable to look at the writing to determine whether the agreement of sale formed the entire contract between Allan Nowicki and the Estate such that it cannot be added to or subtracted from by parol evidence. **See Yocca**, 854 A.2d at 436-37. Thus, this claim is waived. **See Preston**, 904 A.2d at 8.

Next, to the extent Appellants are attempting to assert the Estate committed fraud and fraudulent misrepresentation upon them to enter into the GSAs, which form the basis of the confessed judgment against them in

---

[7] **See** Petition to Strike/Open Judgment, 7/12/2018, at Ex. D (Fraud Action, First Amended Complaint, 4/4/2018, at ¶ 12).

- 12 -

the instant matter, the parol evidence rule bars Appellants from introducing such evidence. The GSAs, each signed by both Appellants, contained integration clauses. **See** Complaint in Confession of Judgment on Guaranty and Suretyship Agreement, 6/12/2018, at Exs. 4 (GSA, 5/7/2013, at ¶ 4) ("Guarantor agrees that no promises, representations, agreements, conditions or covenants have been made relating to this Guaranty other than those contained herein, and that no modification of the terms hereof shall be binding on Lender unless in writing signed by Lender."), 8 (GSA, 5/6/2015, at ¶ 4) (same). Thus, the GSAs represent the entire contract between Appellants and the Estate and the parol evidence rule applies.

Appellants do not invoke any of the exceptions to the parol evidence rule with respect to the GSAs. As discussed *supra*, Allan Nowicki averred fraud in the inducement in the Fraud Action. Such an averment cannot be supported by parol evidence. As our Supreme Court explained,

> while parol evidence may be introduced based on a party's claim that there was a fraud in the execution of the contract, *i.e.,* that a term was fraudulently omitted from the contract, parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract, *i.e.,* that an opposing party made false representations that induced the complaining party to agree to the contract.

**Yocca**, 854 A.2d at 437 n.26. Appellants make no assertion of fraud in the execution of the GSAs. Because the GSAs constitute the entire contract, to the extent Appellants attempt to rely on extrinsic evidence to show that the Estate made fraudulent misrepresentations that induced them to agree to the

GSAs, it is barred by the parol evidence rule and negates Appellants' alleged meritorious defense. Accordingly, viewing the evidence in a light most favorable to Appellants and accepting as true all evidence and proper inferences therefrom, Appellants have failed to set forth sufficient evidence in support of their defenses of fraud and misrepresentation in connection with the GSAs to give rise to a question that would require submission of the case to a jury.

Based upon the foregoing, we discern no abuse of discretion by the trial court in denying Appellants' petition to strike/open the confessed judgment.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/20